**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4650**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

ROY DANIEL WEISS, JR.,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:93-cr-00024-LHT)

———————

Submitted:  January 17, 2008        Decided:  January 22, 2008

———————

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James O. Rice, Jr., EVANS & RICE, PLLC, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina; Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roy Daniel Weiss, Jr., was convicted in 1994 on three counts of bank robbery, 18 U.S.C. §§ 2113(a), (d) (2000), and one count of the use of a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1) (2000). He was sentenced to 147 months of imprisonment and eight years of supervised release. Weiss began serving his term of supervised release on November 6, 2003. On March 2, 2007, the probation officer filed a petition alleging Weiss violated the terms of his release, specifically that he failed to report to his probation officer as instructed and that he failed to work regularly at a lawful occupation. At the hearing on the matter, Weiss admitted the violations and the court entered judgment continuing his supervised release under existing terms.

On appeal, Weiss' counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious issues on appeal, but raising the issue of whether Weiss received ineffective assistance of counsel in the district court proceedings. Weiss was notified of his right to file a pro se supplemental brief, but has not done so. The Government did not file a reply brief. After reviewing the record, we affirm.

Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). To allow for adequate

development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C. § 2255 (2000) motion. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). We find that Weiss has failed to establish ineffective assistance of counsel on direct appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED